IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMERICAN FAMILY MUTUAL INS. CO., *et al.*,

                    Plaintiffs,

      v.

MJC AMERICA, LTD., *et al.*

                 Defendants.

ORDER

21-cv-236-jdp

---

Invoking Rules 45(c)(2)(a) and 45(d)(3)(A), defendants have moved to quash subpoenas served on non-parties Exponent, GE, Menards, UL, Haier (d/b/a GE Appliances), and Intertec (Intertec Enterprises and Intertec Testing Services). Dkts. 41-43. Plaintiffs oppose the motion. Dkts. 44-45. For the reasons stated below, I am denying defendants' motion.

This is a lawsuit for property damage arising from 12 separate fires that plaintiffs allege were caused by the spontaneous combustion of dehumidifiers manufactured, distributed and sold by the defendants. In October of this year, plaintiffs served subpoenas duce tecum on the non-parties listed above, entities with which defendants assert they conducted business or hired as experts or consultants. Defendants–not the non-parties–have moved to quash all of these subpoenas because:

(1) "There is no evidence" that any of these non-parties (apart from Menards) regularly transacts business in person within 100 miles of plaintiffs' attorneys' offices. Dkt. 42 at ¶ 9.

(2) All of the subpoenas violate Rule 45(d)(3)(A)(iii) as well as the scope of permissible discovery under F.R. Civ. Pro. 26(b)(1),(3), (4) and (5) "because their overbroad and vague nature calls for documents and tangible things which trigger Defendants' attorney-client privilege/work product and/or were prepared by experts or consultants in anticipation of litigation . . . because the documents sought potentially implicate the common interest privilege, which applies even to non-parties." Dkt 42 at ¶¶ 11-12.

(3) All of the subpoenas violate Rule 45(d)(3)(A)(iv) by subjecting the non-parties to an undue burden:"[t]he burdens of complying with Plaintiffs' subpoenas far outweigh any benefit sought by the production of the demanded records." Dkt. 42 at ¶ 14.

Plaintiffs respond that::

(1) Defendants have not supported their claim that they have standing to move to quash any of these subpoenas on behalf of the non-parties because:

> (a) The subpoenas impose no burdens on defendants, undue or otherwise;
>
> (b) Defendants have no attorney client privilege in the non-parties' information;
>
> (c) Defendants have not explained how the work product privilege applies to any of the information possessed by the non-parties.

(2) It is *defendants'* burden to establish that these subpoenas violate Rule 45(c)(2)(A)'s 100 mile limit on production.  In any event, all of the non-parties regularly conduct business within 100 miles of the place of production: Exponent's Chicago office is within 91 miles of plaintiffs' attorneys' office; Intertec's Waukesha office is within 22 miles of plaintiffs' attorneys' office; Haier/GE distributes its products in 20+ locations in the Milwaukee area, one of which is within 3 miles of plaintiffs' attorneys' office; UL's headquarters in Northbrook is within 67 miles of plaintiffs' attorneys' office.

(3) All of the subpoenas comply with Rule 26(b)(1) for reasons stated in dkt. 44 at 6-8, with Rule 26(b)(3) for reasons stated in dkt. 44 at 8-9, with Rule 26(b)(4) for reasons stated in dkt. 44 at 9-11, with Rule 26(b)(5) for reasons stated in dkt. 44 at 11-12, with Rule 45(d)(3)(A)(iii)for reasons stated in dkt. 44 at 12-14, with Rule 45(d)(3)(A)(iv) for reason stated in dkt. 44 at 14-16, with and with Rule 26(b)(2)(C) for reasons stated in Dkt. 44 at 16-17.

I have read and considered both sides' submissions and the cases they cite.  In short, plaintiffs are right, defendants are wrong.  Defendants' motion is brimming with legal citations but completely devoid of any evidence supporting any of defendants' claims of privilege, Overbreadth, undue burden, or procedural irregularity.  This is a spaghetti-against-the-wall attack in which defendants didn't even bother to cook the noodles.  Every argument fails and falls for lack of support.

Perforce, as a procedural matter, defendants' claim of standing to file this motion also fails.

Finally and for completeness's sake, although plaintiffs make a strong showing that the information they seek likely already has been disclosed by the non-parties in other proceedings, I am not considering this proffer in the absence of input from the non-parties themselves.

In conclusion, defendants have not shown that they have standing to bring this motion; even if they did, the information that plaintiffs seek from the non-parties in plaintiffs' Rule 45 subpoenas is relevant, discoverable, proportionate, and not protected by privilege.  There is no basis to grant defendants' motion to quash.

Pursuant to Rule 37(a)(5)(B), plaintiffs are entitled to cost-shifting if they want it.

ORDER

It is ORDERED that:

(1) Defendants' motion to quash non-party subpoenas, dkt. 41, is DENIED.

(2) If plaintiffs seek cost shifting under Rule 37(a)(5)(B), then not later than December 14, 2021, they may submit an itemized bill of their claimed reasonable expenses incurred in opposing the motion.  If plaintiffs file a request, then defendants may have until December 21, 2021 to respond.

Entered this 7th day of December, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge